IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSHUA JEROME BROWN, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR GAIL WATTS, et al., <br><br> Respondents. | Civil Action No.: JRR-22-1703 |

MEMORANDUM OPINION

Pending is Joshua Jerome Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging violations of his Fifth and Sixth Amendment rights. ECF No. 1. Respondents filed a Limited Answer asserting the Petition should be dismissed on principles of abstention and exhaustion. ECF No. 5. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons stated below, the Petition will be dismissed without prejudice.

I. **Petition**

Brown is a pretrial detainee, awaiting trial in cases C-03-CR-21-001085 and C-03-CR-21-000429 in the Circuit Court for Baltimore County, Maryland on several charges. ECF No. 1 at 2. Brown asserts that his Sixth Amendment rights to a speedy trial have been violated because, at the time of filing, he had been detained for sixteen months. ECF No. 1 at 7-8. He also claims this his Fifth Amendment rights have been violated because he is being placed in double jeopardy due to

charges of both robbery and robbery with a deadly or dangerous weapon pending against him.  *Id.* at 8.  Brown seeks release from Baltimore County Detention Center.  *Id.* at 7.

II. **Limited Answer**

    a. Case No. C-03-CR-21-000429

Brown was indicted on 23 charges on February 8, 2021, arising out of three District Court cases which were consolidated and forwarded to the Circuit Court.  ECF No. 5-1 at 67-77 (State Record).[1]  A public defender entered an appearance in the Circuit Court case on April 1, 2021, along with a motion for speedy trial.  *Id.* at 92-93.  Brown filed a pro se motion for bail review on June 19, 2021.  *Id.* at 96-97.  A bail review hearing was held on July 6, 2021, at which the Court ruled he would continue to be held without bond.  *Id.* at 98, 103.

On July 13, 2021, Brown filed a pro se motion to dismiss several of his charges due to a false statement.  ECF No. 5-1 at 109-111.  The motion was denied on August 2, 2021.  *Id.* at 109.  He filed another pro se motion seeking to dismiss the entire indictment.  *Id.* at 126.  Respondents aver that at the time of filing of their Answer, the record did not indicate that the Court had ruled on Brown's motion.  ECF 5 at 19.

On October 18, 2021, the Court found good cause to postpone Brown's trial date because his attorney had been exposed to the Covid-19 virus.  ECF No. 5-1 at 134.  His trial was again postponed on February 28, 2022, because jury trials had been suspended by administrative order.  *Id.* at 135.  Brown's trial was rescheduled to November 2, 2022.  *Id.*

    b. Case No. C-03-CR-21-001085

On March 29, 2021, Brown was indicted in the Circuit Court on four counts:  armed robbery, simple robbery, second-degree assault, and theft.  ECF No. 5-1 at 87-91.  Prior to the

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case File (CM/ECF) system.

indictment and the case being forwarded to Circuit Court, Brown had a bail review hearing in the district court (Case No. D-08-CR-21-013840) on March 12, 2021, where he was ordered held without bond. *Id.* at 84. After Brown was indicted, his public defender filed a motion for speedy trial on April 26, 2021. *Id.* at 95. On June 23, 2021, Brown filed a pro se motion for bail review. *Id.* at 96-97. On July 6, 2021, a bail review hearing was held and the Court ordered that Brown continue to be held without bond. *Id.* at 101. Brown's trial was set and postponed on the same dates as Case No. C-03-CR-21-000429. *See id.* at 134-135. Brown's trial in this matter was also rescheduled to November 2, 2022. *Id.* at 135.

### III.     Discussion

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts for resolution. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified

3

pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Moreover, the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). "The Supreme Court has recognized that a federal court may disregard *Younge*'s mandate only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens*, 444 F.3d at 241 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (internal quotation marks omitted)).

Here, Brown has not presented his claims to Maryland's state courts. Therefore, Brown has not exhausted the state court path for addressing and resolving his claims. Moreover, as Brown's criminal cases were instituted prior to this case, and Brown will have the opportunity to raise both of his claims in the context of his criminal cases before the Circuit Court of Baltimore County, this court shall abstain from interfering in the ongoing criminal proceedings. Nothing in

the record suggests that any of the *Younger* doctrine exceptions are present. Thus, as no extraordinary circumstances exist, Brown's Petition will be dismissed without prejudice.

### IV. Conclusion

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability must be considered in this case because the Petition challenges detention arising out of a state court process.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Brown fails to meet this standard and the court declines to issue a certificate of appealability. Brown may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

For the foregoing reasons, the Petition will be dismissed without prejudice and a certificate of appealability will not issue. A separate Order follows.

/S/

_____
Julie R. Rubin
United States District Judge

April 26, 2024